**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

```
GREGORY WOODS,                         )
                                       )
        Plaintiff,                     )
                                       )
        v.                             )   No. 13 C 2607
                                       )
COOK COUNTY, ILLINOIS, ANTONIO         )
RUBINO, NICOLE PAGANI, and             )
JENNIFER COLEMAN,                      )
                                       )
        Defendants.                    )
```

**MEMORANDUM OPINION**

Before the court is the plaintiff's Second Motion to Compel. For the following reasons, the court grants the plaintiff's motion in part and denies it in part.

**BACKGROUND**

In 2011, the Cook County State's Attorney's Office ("CCSAO") charged Charles Callahan with damaging plaintiff Gregory Woods's vehicle. (See Am. Compl. ¶ 9.) It assigned Assistant State's Attorney ("ASA") Jennifer Coleman to "review" the case. (Id. at ¶ 8.) Woods became dissatisfied with the way that the CCSAO was handling the prosecution and, on June 28, 2011, he left a voicemail message for Coleman "expressing his frustration." (Id. at ¶ 12.) When Coleman returned his call, their "conversation deteriorated" and became heated. (Id. at ¶¶ 14-17.) Woods alleges that he did not threaten to harm Coleman in his voicemail message or during

their telephone conversation. (Id. at ¶ 18.) On July 8, 2011, Coleman played Woods's voicemail message for defendants Antonio Rubino and Nicole Pagani, two Cook County Sheriff's deputies. (Id. at ¶ 19.) When he attended the next hearing in the CCSAO's case against Callahan, Woods was arrested and charged with threatening a public official. (Id. at ¶¶ 21-23.) A jury found Woods not guilty of that offense on April 16, 2012. (Id. at ¶ 24.)

Woods has sued the defendants under § 1983 for illegal seizure (Count I), and for state-law malicious prosecution (Count II). On February 6, 2014, Woods produced his Rule 26(a) disclosures, and served document requests and interrogatories on the defendants. (Pl.'s Second Mot. to Compel at 1.) The defendants did not produce their own Rule 26(a) disclosures until June 27, 2014 — approximately a month before the discovery cutoff. (See Email from S. Garcia to N. Barkowski, dated June 27, 2014, attached as Ex. B to Pl.'s First Mot. to Compel, Dkt. 33.) In correspondence enclosing the defendants' disclosures, the defendants' attorney, ASA Stephen Garcia, stated that he planned to produce the defendants' overdue responses to Woods's written discovery within a week. (See id.) As of July 25, 2014 — six days before the discovery cutoff — the defendants still had not responded to Woods's discovery requests, nor had they served any written discovery of their own. (See Pl.'s First Mot. to Compel, Dkt. 33, at 2.) On July 30, 2014, the court granted Woods's motion to

compel the defendants' discovery responses, extended the discovery cutoff, and gave the defendants leave to serve their belated discovery requests.  (See Minute Entry, dated July 30, 2014, Dkt. 35.)

On October 15, 2014, the court granted the defendants' motion to withdraw ASA Garcia, and substitute ASA Scott Golden, as defendants' counsel.  (See Minute Entry, dated Oct. 15, 2014, Dkt. 39.)  Two days later, the defendants finally tendered their responses to Woods's discovery requests.  (See Email from S. Golden to N. Barkowski, dated Oct. 17, 2014, attached as part of Group Ex. C to Pl.'s Second Mot. to Compel.)  Woods has filed a second motion to compel challenging certain responses and objections.  In their response to the motion, the defendants have narrowed down their objections to two: (1) they do not possess or control the documents that Woods seeks in Requests for Production Nos. 8, 9, and 11 (Rubino and Pagani), and 8 and 11 (Coleman); and (2) Woods's request for the defendants' financial information in Interrogatory No. 16 is premature.

**DISCUSSION**

**I.  Legal Standard**

A party responding to discovery must produce relevant, non-privileged information within that party's "possession, custody, or control."  Fed. R. Civ. P. 34(a)(1).  "Control" means the legal

right to demand the documents in question.  See <u>Dobbey v. Randle</u>, No. 10 C 3965, 2014 WL 1364428, *1 (N.D. Ill. Apr. 7, 2014).

**II. Woods's Document Requests**

The defendants argue that the documents that Woods seeks are controlled by third-parties: the CCSAO (Callahan's criminal file and Coleman's personnel file), and the Cook County Sheriff's Office (Rubino's and Pagani's personnel files).  A party can waive its objection that it lacks control over requested documents.  <u>See</u> 8B Charles Allan Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u> § 2210 (3d ed.) ("[L]ack of control may be considered an objection to the discovery request and, like any such objection, it may be waived.") (citing <u>Henderson v. Zurn Industries, Inc.</u>, 131 F.R.D. 560, 568 (S.D. Ind. 1990)).  In this case, the defendants did not object that they lacked control over the requested documents until October 17, 2014, eight months after their responses were due and after the court granted Woods's first motion to compel.  The defendants have waived their untimely objections. <u>See, e.g.</u>, <u>Martinez v. Cook County</u>, No. 11 C 1794, 2012 WL 6186601, *3 n.4 (N.D. Ill. Dec. 12, 2012) (holding that the respondents had waived their untimely objections to document requests).  The court orders the defendants to obtain the requested materials from the relevant custodians.  Given the substantial delays that their employees have caused in this case, the court expects the CCSAO and

the Cook County Sheriff's Office to comply with the defendants' demands.  The court grants Woods's motion to compel the defendants' responses to Requests for Production Nos. 8, 9, and 11 (Rubino and Pagani), and 8 and 11 (Coleman).

**III. Interrogatory No. 16**

Woods's Interrogatory No. 16 seeks information regarding the defendants' net worth.  The defendants effectively agree that this information is relevant to Woods's claim for punitive damages.  (See Defs.' Resp. at 4.)  They argue, however, "that such information is premature and that relevant information [will] be disclosed at an appropriate time and subject to the entry of a protective order."  (Id.)  The court has not bifurcated liability and damages discovery.  Thus, Woods's request is not "premature" in that sense.  On the other hand, the defendants' privacy concerns are well taken.  The court directs the parties to submit an agreed proposed protective order to the court on or before January 7, 2015.  The defendants shall respond to Interrogatory No. 16 by January 9, 2015.

**IV. Sanctions**

Woods also seeks sanctions against the defendants for their dilatory conduct.  The court declines to impose them at this stage, but warns the defendants that further delay may result in sanctions.

## CONCLUSION

The court grants plaintiff's Second Motion to Compel [50] in part and denies it in part. The parties shall submit to the court an agreed proposed protective order, using this district's model order as a template, by January 7, 2015. The defendants shall respond to Interrogatory No. 16 on or before January 9, 2015.

DATE:     December 19, 2014

ENTER:    _____
          Amy St. Eve, United States District Judge